# EXHIBIT A

FILED: RICHMOND COUNTY CLERK 03/26/2018 04:09 PM
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 03/26/2018

SUPREME COURT OF THE STATE OF NEW YORK       Filed: _____
COUNTY OF RICHMOND
==================================X          Index No.: _____

A.B., by her mother and natural guardian,        **SUMMONS**
SUZANNE BURT, and SUZANNE BURT,
individually,
                                                Plaintiff designates
                    Plaintiffs,                 Richmond County
                                                as place of trial
        -against-
                                                The basis of venue is
NESTLE WATERS NORTH AMERICA INC.                Plaintiff's residence
d/b/a READY REFRESH and POLAND SPRING           102 Browning Avenue
CORPORATION,                                    Staten Island, New York 10314

                    Defendants.
==================================X

To the above named defendants:

   **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       March 26, 2018

The nature of this action is for injuries sustained as a result of the defendants' negligence. The relief sought is monetary damages.

                                ELEFTERAKIS, ELEFTERAKIS & PANEK

                                _____
                                BY: NICHOLAS ELEFTERAKIS, ESQ.
                                Attorneys for Plaintiff
                                Address and Telephone Number
                                80 Pine Street, 38th Floor
                                New York, New York 10005
                                (212) 532-1116

Failure to respond, a judgment will be against you, by default and interest from January 24, 2016.

Defendants:

**NESTLE WATERS NORTH AMERICA INC. d/b/a READY REFRESH**
C/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

**POLAND SPRING CORPORATION**
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

FILED: RICHMOND COUNTY CLERK 03/26/2018 04:09 PM
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 03/26/2018

SUPREME COURT OF THE STATE OF NEW YORK      Filed: _____
COUNTY OF RICHMOND                          Index No.: _____
========================X

A.B., by her mother and natural guardian,   **VERIFIED COMPLAINT**
SUZANNE BURT, and SUZANNE BURT,
individually,

                Plaintiffs,

                -against-

**NESTLE WATERS NORTH AMERICA INC.
d/b/a READY REFRESH and POLAND SPRING
CORPORATION,**

                Defendants.
========================X

Plaintiffs, by their attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for their Verified Complaint, respectfully alleges, upon information and belief:

1. The Plaintiff, A.B., at all times herein mentioned was and still is a resident of the County of Richmond and State of New York.

2. The Plaintiff, SUZANNE BURT, at all times herein mentioned was and still is a resident of the County of Richmond and State of New York.

3. That at all the times hereinafter alleged, and upon information and belief, Defendant, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH**, was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

4. That at all the times hereinafter alleged, and upon information and belief, Defendant, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

FILED: RICHMOND COUNTY CLERK 03/26/2018 04:09 PM
NYSCEF DOC. NO. 1                                                       RECEIVED NYSCEF: 03/26/2018

5. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH**, maintained a principal place of business in the County of Kings, State of New York.

6. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH**, conducted and carried on business in the State of New York.

7. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH**, transacted business within the State of New York.

8. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

9. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH**, expected or should have reasonably expected its acts to have consequences in the State of New York.

10. That at all the times hereinafter alleged, and upon information and belief, Defendant, **POLAND SPRING CORPORATION**, was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

11. That at all the times hereinafter alleged, and upon information and belief, Defendant, **POLAND SPRING CORPORATION**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

12. That at all of the times hereinafter mentioned, and upon information and belief, Defendant,

**POLAND SPRING CORPORATION**, maintained a principal place of business in the County of Kings, State of New York.

13. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **POLAND SPRING CORPORATION**, conducted and carried on business in the State of New York.

14. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **POLAND SPRING CORPORATION**, transacted business within the State of New York.

15. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **POLAND SPRING CORPORATION**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

16. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **POLAND SPRING CORPORATION**, expected or should have reasonably expected its acts to have consequences in the State of New York.

17. Prior to January 24, 2016, the Defendants were the designer, manufacturer, marketer, distributor, supplier and/or seller of a Poland Spring Water Dispenser, Serial #SM14G18314 (hereinafter "Water Dispenser"), and had distributed, marketed, sold and/or supplied the Water Dispenser.

18. At some time prior to January 24, 2016, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH** distributed, supplied and/or sold the Water Dispenser to Plaintiffs, who purchased it for the purposes of using it at home.

19. At some time prior to January 24, 2016, **POLAND SPRING CORPORATION** distributed, supplied and/or sold the Water Dispenser to Plaintiffs, who purchased it for the purposes of using it at home.

FILED: RICHMOND COUNTY CLERK 03/26/2018 04:09 PM
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 03/26/2018

20. Upon information and belief, defendant, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH**, was responsible for the safe design and/or manufacture of the Water Dispenser.

21. Upon information and belief, defendant, **POLAND SPRING CORPORATION**, was responsible for the safe design and/or manufacture of the Water Dispenser.

22. Upon information and belief, defendant, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH**, sold the Water Dispenser and introduced it into the stream of commerce.

23. Upon information and belief, defendant, **POLAND SPRING CORPORATION**, sold the Water Dispenser and introduced it into the stream of commerce.

24. Upon information and belief, defendant, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH**, delivered the Water Dispenser to Plaintiffs' home.

25. Upon information and belief, defendant, **POLAND SPRING CORPORATION**, delivered the Water Dispenser to Plaintiffs' home.

26. On or about January 24, 2016, the plaintiff, **A.B.**, became severely injured when the water from the Water Dispenser became dangerously hot and spilled onto Plaintiff, **A.B.**, causing severe burns.

27. The defective Water Dispenser was the sole and proximate cause of Plaintiff, **A.B.'S**, severe injuries.

28. That as a result of the foregoing, Plaintiff, **A.B.**, sustained damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

FILED: RICHMOND COUNTY CLERK 03/26/2018 04:09 PM
NYSCEF DOC. NO. 1                                                                    RECEIVED NYSCEF: 03/26/2018

## AS AND FOR THE INFANT PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 of this Verified Complaint as if fully set forth herein.

30. That the Defendants failed to provide adequate and sufficient warnings as to the dangers and propensities of the Water Dispenser; in that it failed to provide adequate and sufficient instructions and warnings as to the use and safe operation of the Water Dispenser; in that it failed to provide any manuals and/or directions as to the use and safe operation of the Water Dispenser; in that it failed to provide adequate and sufficient warnings as to the temperature of the water released from the Water Dispenser; in that it failed to take adequate precautions and provide adequate and sufficient warnings to persons including the Plaintiff, likely to use the Water Dispenser.

31. That, as a result of the foregoing, on and prior to the time of the occurrence, the Water Dispenser existed in an unreasonably dangerous, unreasonably defective and unreasonably unsafe condition.

32. That the failure to provide these adequate warnings and instructions was the direct and proximate result of the negligence of the Defendants.

33. That as a direct and proximate result of the foregoing failure to provide adequate instructions and warnings, the Plaintiff, A.B., was caused to sustain personal injuries.

34. By reason of the foregoing, the Defendant, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH**, is strictly liable for plaintiff's severe injuries.

35. By reason of the foregoing, the Defendant, **POLAND SPRING CORPORATION**, is strictly liable for plaintiff's severe injuries.

### AS AND FOR THE INFANT PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS

36. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 of this Verified Complaint as if fully set forth herein.

37. That the Defendants are liable in tort for the Plaintiff, A.B.'S, injuries and damages as there were defects in the Water Dispenser at the time of its design, manufacture, fabrication, delivery, assembly, construction and sale, and at the time it was put into the stream of commerce, and said defects were substantial factors in bring about Plaintiff, A.B.'S, injuries; and the Plaintiff, A.B., could not have, by the exercise of reasonable care, discovered the defects or perceive their danger.

38. Upon information and belief at all times hereinafter mentioned, the Water Dispenser was being used for the purposes for which it was intended.

39. Upon information and belief at all times mentioned, the Water Dispenser was being used by the Plaintiffs who were members of the class of persons which the Defendants could reasonably have expected to have been using the Water Dispenser.

40. That, as a result of the foregoing, on and prior to the time of the occurrence, Water Dispenser existed in an unreasonably dangerous, unreasonably defective and unreasonably unsafe condition.

41. By reason of the foregoing, the Defendant, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH**, is strictly liable for Plaintiff, A.B.'S severe injuries.

42. By reason of the foregoing, the Defendant, **POLAND SPRING CORPORATION**, is strictly liable for Plaintiff, A.B.'S severe injuries.

### AS AND FOR THE INFANT PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 of this Verified Complaint as if fully set forth herein.

44. Upon information and belief, at the time of the sale by the Defendants and/or its authorized representatives, agents or servants to the Plaintiffs, the Defendants, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH** and **POLAND SPRING CORPORATION**, either by itself or through authorized representatives, represented and warranted that the Water Dispenser would be safe for the purpose for which it was intended and that the Water Dispenser was of merchantable quality.

45. That the Water Dispenser was not of merchantable quality and was not fit for the use for which it was intended when manufactured, sold, transferred, or placed into the stream of commerce by the Defendants, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH** and **POLAND SPRING CORPORATION**, either by itself or through authorized representatives, agents and/or servants to the Plaintiffs.

46. By reason of the foregoing, the Defendant, **NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH**, is strictly liable for Plaintiff, A.B.'S, severe injuries.

47. By reason of the foregoing, the Defendant, **POLAND SPRING CORPORATION**, is strictly liable for Plaintiff, A.B.'S, severe injuries.

### AS AND FOR THE INFANT PLAINTIFF'S FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS

48. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 47 of this Verified Complaint as if fully set forth herein.

49. That upon information and belief, at a time prior to January 24, 2016, the Defendants,

NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH and POLAND SPRING CORPORATION sold to the general public, through its agents, servants and/or representatives, the Water Dispenser upon being paid good valuable and adequate consideration for same.

50. That at the time of said sale and as part hereof, and as an inducement of purchase NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH and POLAND SPRING CORPORATION, expressly warranted to the general public that the Water Dispenser was designed, manufactured, assembled and fabricated in a safe manner and was safe to operate.

51. Upon information and belief, the Plaintiffs purchased the Water Dispenser from NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH, or through its agents, servants and/or representatives, and/or its company's agents, servants and/or representatives in reliance upon said warranties.

52. Upon information and belief, the Plaintiffs purchased the Water Dispenser from POLAND SPRING CORPORATION, or through its agents, servants and/or representatives, and/or its company's agents, servants and/or representatives in reliance upon said warranties.

53. Upon information and belief, said warranties were untrue in that the Water Dispenser was defective, dangerous, and unsafe and malfunctioned during its operation.

54. Upon information and belief, on or about January 24, 2016, the Plaintiff, A.B., attempted to use the Water Dispenser as directed and incurred serious and permanent injuries.

55. By reason of the foregoing, the Defendants, NESTLE WATERS NORTH AMERICA, INC. d/b/a READY REFRESH and POLAND SPRING CORPORATION, will be liable to the Plaintiffs under the Doctrine of Breach of Contract and/or Breach of Express

Warranty.

## AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION AGAINST THE DEFENDANTS

56. Plaintiff, SUZANNE BURT repeats and realleges each and every allegation contained in paragraphs 1 through 55 inclusive, with the same force and effect as though more fully set forth at length herein.

57. That at all of the times hereinafter mentioned, the plaintiff, SUZANNE BURT was and still is the mother of the infant plaintiff, A.B. and resided with the infant plaintiff, A.B.

58. That in consequence of the injuries sustained by the infant plaintiff, A.B., the daughter of the plaintiff, SUZANNE BURT, as aforesaid, the plaintiff, SUZANNE BURT, necessarily incurred expenses for medical, hospital, x-ray and other aid and attention in an effort to cure the infant plaintiff, A.B., of her injuries, and necessarily paid diverse sums of money for medical, hospital and x-ray aid and attention and for medicines, and the plaintiff, SUZANNE BURT necessarily incurred obligations and expended monies for the care of said, A.B., and the plaintiff, SUZANNE BURT was deprived of the companionship and services of the infant plaintiff for some time.

59. That by reason of the foregoing, the plaintiff, SUZANNE BURT, sustained damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

**WHEREFORE**, Plaintiffs demand the following judgments in favor of the Plaintiffs, awarding damages against the Defendants for an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action, together with costs and disbursements of this action, and with interest

from the date of the accident. Plaintiffs demand a jury trial.

Dated: New York, New York
       March 26, 2018

                                Yours, etc.
                                **ELEFTERAKIS, ELEFTERAKIS & PANEK**

                                BY: Nicholas Elefterakis, Esq.
                                Attorneys for Plaintiff
                                80 Pine Street, 38th Floor
                                New York, New York 10005
                                (212) 532-1116

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     )
COUNTY OF NEW YORK   ) SS:

The undersigned, an attorney admitted to practice in the Courts of the State of New York, and an associate of the law firm of Elefterakis, Elefterakis, & Panek attorneys of record for the claimant herein, affirms:

That he has read the attached SUMMONS AND COMPLAINT and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

That affirmant's sources of information are investigation and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that claimant does not presently reside within the county in which your affirmant maintains his law office, or is presently outside the county in which your affirmant maintains his law office.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated: New York, New York
       March 26, 2018

Nicholas Elefterakis, Esq.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RICHMOND**

---

A.B., an infant by her mother and natural guardian, SUZANNE BURT, and SUZANNE BURT, individually,

        Plaintiffs,

  -against-

NESTLE WATERS NORTH AMERICA INC. d/b/a READY REFRESH and POLAR SPRING CORPORATION,

        Defendants.

---

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116

---

**SUMMONS AND VERIFIED COMPLAINT**

---

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

    NICHOLAS ELEFTERAKIS, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:
    I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).
Dated: New York, New York
      March 26, 2018

                            NICHOLAS ELEFTERAKIS, ESQ.

---

PLEASE TAKE NOTICE

  ( )    that the within is a (certified) true copy of a Notice of     entered in the Office of the clerk of the within Entry named Court on

  ( )    that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon.    one of the Judges of the Settlement within named Court, on    , at

---

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116